CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 11 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON RICHARD-CHARLES CLEM,<br>　　Petitioner, | Civil Action No. 7:08-cv-00365 |
| v. | MEMORANDUM OPINION |
| GENE JOHNSON,<br>　　Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Jason Richard-Charles Clem, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Clem is challenging his 2005 capital murder conviction in the Rockingham County Circuit Court. As grounds for relief, Clem alleges several claims of ineffective assistance of counsel, due process violation, and an excessive sentence. The court finds that Clem has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

## I.

On June 2, 2005 in the Rockingham County Circuit Court, Clem was convicted of capital murder and sentenced to life imprisonment, without the possibility of parole. Clem filed a direct appeal to the Virginia Court of Appeals, which was denied on March 23, 2006. Clem then appealed to the Supreme Court of Virginia, which denied his appeal on September 21, 2006. Finally, the Supreme Court of the United States denied his petition for writ of certiorari on February 20, 2007.

On September 15, 2007, Clem filed a petition for writ of habeas corpus in the Circuit Court of Rockingham County. According to Clem, on December 26, 2007, the court found that some of his claims were barred and denied the remaining claim on the merits. Clem states that he appealed his habeas petition to the Supreme Court of Virginia and that petition is still pending.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the

remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code §8.01-654. Although Clem states that he has presented his claims to the Supreme Court of Virginia, he concedes that his state habeas petition is still pending in that court. Accordingly, the court dismisses Clem's instant petition, without prejudice, as unexhausted.[1]

### III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER:** This 11th day of June, 2008.

_____
United States District Judge

---

[1] Although Clem concedes that his state habeas petition is still pending, he claims that he only has one week remaining on his statute of limitations after the Supreme Court of Virginia rules on his habeas petition, and asks the court to "prefile" his instant petition so that he does not miss his deadline. Assuming the information regarding dates that Clem provided in his petition are correct and assuming that all of his appeals were timely filed, it appears to the court that only 207 of the 365 days that Clem has to file his federal petition have run. See 28 U.S.C. §§ 2244(d)(1) and (d)(2). Accordingly, the court denies Clem's motion for an extension of time to file a legal brief.